JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,
*Plaintiff-Respondent,*

*v.*

ARNOLD et al,
*Defendants-Appellants.*

(84-1586 C; CA A36844)

735 P2d 1270

John R. Miller, Salem, argued the cause and filed the brief for appellants.

Mark M. LeCoq, Portland, argued the cause for respondent. With him on the brief were Mildred J. Carmack, Portland, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

In this foreclosure action, defendants appeal from a summary judgment. They contend that, because the property consists of several parcels and because they have substantial equity in it, there was a factual question regarding partition of the property. They argue that the trial court should have partitioned the parcels, setting aside sufficient property to satisfy the mortgage and allowing defendants to keep the rest. We affirm.

Summary judgment is appropriate when there is no genuine issue of material fact and when the moving party is entitled to a judgment as a matter of law. ORCP 47; *Stanfield v. Laccoarce,* 288 Or 659, 665, 607 P2d 177 (1980). Defendants' contention that the property should have been partitioned is not a fact question. Foreclosure is governed by statutes, *see* ORS 88.010 *et seq,* which do not require the court to partition property before sale. Defendants have cited no authority in support of mandatory partition on these facts, and we are aware of none.

ORS 23.460(1) provides, in relevant part:

"After sufficient property has been sold to satisfy the execution, no more shall be sold. * * * When the sale is of real property, and consisting of several known lots or parcels, they shall be sold separately, or otherwise, as is likely to bring the highest price."

That procedure sufficiently protects defendants' equity in the property. Further, if defendants' equity is substantial, they may redeem the property. ORS 23.530 *et seq.* The trial court did not err in granting summary judgment.

Affirmed.